FILED

2026 FEB 23 PM 3: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

DEBORAH ELIZABETH GOUCH-ONASSIS
PO BOX 1889
BEVERLY HILLS, CA 90213
831-383-3437
deborahegouchonassis@gmail.com
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

DEBORAH ELIZABETH GOUCH-ONASSIS,

    Plaintiff,

vs.

GALLAGER BASSETT SERVICES, Inc.

    Defendant,

Case No. 2:26cv01927-PA-(DSRx)

COMPLAINT FOR DAMAGES)

1. That the plaintiff, Deborah Elizabeth Gouch-Onassis, is an adult residing at PO Box 1889, Beverly Hills, CA 90213.

2. That, upon information and belief, at all times hereinafter mentioned, the defendant Gallagher Bassett Services Inc. Workers' Compensation insurance company was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State captioned above with its principal office in said state, and its local office at 500 N. Brand Blvd, Suite 100. Glendale, CA 91203 is engaged in the business of writing and selling insurance.

COMPLAINTS FOR DAMAGES 1

3. That at all pertinent times, the defendant insurance company had issued its policy of workmen's compensation insurance to the plaintiff's employer BJ's Restaurants Inc., and which policy was in full force and effect on the plaintiff's injury herein. That in the contract of insurance and pursuant to law, the defendant reserved the right and had a duty to administer, settle, or adjust any claims arising thereunder.

4. That the plaintiff was injured while an employee of the defendant's insured. That, among other injuries, plaintiff received injuries to the Head Occipital Neuralgia, by struck in the head 10-15 with pots trays, leg and ankle injures of metal dish cover falling on her, three broken toes and fractured foot along with emotion distress caused by other employees and manager. That the plaintiff had initially started process for worker's compensation benefits from the defendant. These payments were not given with the defendant's duties under the Workmen's Compensation Law. Plaintiff was informed that plaintiff was entitled to additional benefits, i.e., temporary total disability, permanent partial disability benefits, total disability benefits, vocational rehabilitation benefits, or medical treatment benefits.

5. That the defendant was informed and had knowledge of the plaintiff's inability to continue work because of the injuries emanating from plaintiff's employment-related accidents. In spite of said knowledge, the defendant totally cut off any benefits the plaintiff was entitled to under the laws of the State of California. The defendant's agents were aware of the emotional distress being caused the plaintiff, particularly in view of the uncontradicted medical reports in the defendant's possession, and because of numerous

contacts made by defendant's agents into the condition of the plaintiff; the defendant was aware that the plaintiff was in a desperate financial and emotional state. The defendant not only failed to inform plaintiff of potential benefits, but arbitrarily cut off benefits all together. That the conduct of the defendant evinced a total disregard of the plaintiff's physical and mental condition, and knew, or should have known, that said condition was being prolonged and aggravated by the acts of the defendant. The plaintiff personally informed the defendant of plaintiff's dire circumstances and received no affirmance of entitlement to potential benefits and no reversal of its determination to give benefits. That the purpose and spirit of the Workmen's Compensation Statutes of the State of California have been and are continuing to be completely frustrated in their purpose by the willful acts of the defendant. That the plaintiff does not have an adequate remedy under the Workmen's Compensation Act. That the plaintiff has had to hire legal counsel in order to secure the payments that plaintiff is entitled to by law. They have had to borrow money for necessities. She has been deprived of basic necessities because of the defendant's conduct. That the plaintiff has been particularly embarrassed in those instances.

6. That the defendant had knowledge and possession of many medical records and had been contacted by treating doctors verifying plaintiff's condition and inability to work. The defendant's action was taken with total knowledge of plaintiff's valid claims and physical problems. Additionally, defendant's decision was made with full knowledge of plaintiff's tense, nervous, and emotional condition caused not only by no payments and statements

regarding plaintiff's right to worker's benefits, but also by a total cut-off of future compensation. These acts were intentional, malicious, and outrageous, and were meant to take advantage of plaintiff's physical and mental condition and plaintiff's lack of knowledge of injured worker's benefits. That these misleading tactics were meant to cause the plaintiff to give up on claims. Defendant's purpose was to save itself money, which constitutes use of economic power to oppress and withhold benefits in frustration of the very purpose for which the defendant received premiums and contrary to its duty to timely pay and acknowledge an employee's right to benefits as expeditiously as possible.

7. At all times herein mentioned, each of the defendant's agents and employees were at all times acting within the job and scope of such agency and employment. The defendant has ratified and approved the act of its agents.

8. As a proximate result of the defendant's tortious conduct as aforesaid, the plaintiff has suffered physical and emotional injuries and incurred hospital and medical expenses and general damages; plaintiff has suffered psychological damage which will affect plaintiff's future earning capacity, all to plaintiffs damage in the sum of $132,480 in pay, or according to proof to be furnished at the time of trial.

9. That the plaintiff realleges all previous paragraphs in each of the succeeding rights of action.

**That as a First Right of Action (Emotional Distress):**

10. That the defendant's conduct was intentional, it was extreme and outrageous, it was the cause in fact of the plaintiff's injuries and the plaintiff suffered an extreme and disabling emotional response to the defendant's conduct.

11. That as a direct and proximate result of the defendant's actions, the plaintiff suffered compensable injuries, including actual economic loss; mental and emotional distress, physical injuries, and consequential damages as previously stated.

**That as a Second Right of Action (Fraud):**

12. That the defendant fraudulently and through misrepresentation denied benefits and was guilty of unfair claims settlement practices, causing damages to the plaintiff as alleged. Additionally, it made promises which were actually made with a preconceived and undisclosed intention not to perform.

**That as a Third Right of Action (Bad Faith):**

13. That as a direct and proximate result of the defendant's bad faith, the plaintiff suffered compensable injuries, including actual economic loss; mental and emotional distress; physical injuries, and Contractual Damages, Consequential Damages, Compensatory Damages, Extra Contractual Damages, Emotional Distress. Punitive Damages, Gross Negligence by

Ladocie Simmon workers' compensation Case Managers, intentionally denied claims for

benefits and unemployment benefits.

**That as a Fourth Right of Action (Outrageous Conduct):**

14. That a direct and proximate result of the defendant's outrageous conduct, the plaintiff suffered compensable injuries including actual economic loss; mental and emotional distress; physical injuries, and consequential damages.

**That as a Fifth Right of Action ADA**

The Americans with Disability Act prohibits Discrimination Act prohibits discrimination on the basis of disablity in the full an equal pay of goods, services, facilities, privileges advantages, and accommodations of any place of public accommodation by any person who owns, lease 42 U.S.C.A 12182. Defendant intentionally denied workers compensation claims benefits, with medical records and doctors reports and unlawfully deprived Plaintiff Deborah Elizabeth Gouch-Onassis's rights under the Americans with Disabilities Act (ADA), because of disability. In addition, the actions by Defendants violated the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701 et seq., which likewise protects against discrimination based upon disability. Finally, the Defendants tortiously inflicted emotional and physical distress upon Plaintiff Deborah Elizabeth Gouch-Onassis

**That as a Six Right of Action: REHABILITATION ACT**

.Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C.A. § 794, provides that no otherwise handicapped person "shall, solely by reason of his or her handicap, be excluded from the participation

COMPLAINTS FOR DAMAGES 6

in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

**That as a Six Right of Action: INTENTIONAL EMOTIONAL DISTRESS**

Defendants intentionally or recklessly caused Plaintiff Deborah Elizabeth Gouch-Onassis's and herfamily severe emotional distress.

Defendants' conduct toward Plaintiff Deborah Elizabeth Gouch-Onassis's was extreme and outrageous.

Defendants' conduct was especially extreme and outrageous because Plaintiff Deborah Elizabeth Gouch-Onassis's had a known physical and psychological disability/handicap.

**Per Deim  S250 X   $91,250 X  4 is $365,000**

**Contractual Damages $250,000+ $132,480 + 10% is $432,480**

**Compensatory Damages $$432,480 X 4 is $1,729,920**

**Emotional Distress from June 2022 to present $432,480 X is 4 $1,729,920**

**Punitive Damages $432,480 X 3 is $1,297,440**

**Gross Negligence $432,480 x 5 is $2,162,400**

15. That the defendant's tortious conduct, as aforesaid constitutes oppressive and malicious conduct on the part of the defendant toward the plaintiff; entitling plaintiff to all damages in the sum of seven million and seven hundred seventeen thousand, and one hundred and sixty dollars ($7,717,160.00).

Wherefore, plaintiff demands judgment against the defendant herein for all damages in the amount of dollars, together with costs and disbursements of this action; and he plaintiff demands judgment against the defendant herein for all damages in the amount of seven million and seven hundred seventeen thousand, and one hundred and sixty dollars ($7,717,160.00), together with costs and disbursements of this action; and For such other and further damages as the court deems proper.

Date: 22 February 2026

*[signature]*
DEBORAH ELIZABETH GOUCH-ONASSIS
Plaintiff in Pro Per